# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARC NORFLEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–2085−SMY |
| | ) | |
| JACQUELINE LASHBROOK, | ) | |
| ANGELA CRAIN, | ) | |
| ASSELEMEIER, | ) | |
| JOHN DOE (A.W.), | ) | |
| WEXFORD HEALTH CARE SOURCES, | ) | |
| FRANK LAWRENCE, and | ) | |
| IDOC | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marc Norfleet, an inmate who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he is not being provided adequate dental treatment, among other things. He asserts claims against the defendants under the Fourteenth and Eighth Amendments, and seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28

1

U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff has been incarcerated at Menard Correctional Center ("Menard") since March 13, 2017. (Doc. 1, p. 6). On March 14, 2017, Plaintiff began complaining to Menard employees that his teeth were overdue for an inspection and cleaning. (Doc. 1, p. 7). Plaintiff was informed that Wexford's policy is that all Menard inmates must wait two years before receiving a cleaning, and that the only treatment offered to Menard inmates is tooth extraction. *Id*. Plaintiff sent a kite to the dental department where Defendant Asselmeier worked, asking for his check-up and cleaning, but received no response. *Id*.

On April 13, 2018, Plaintiff submitted a request slip to Asselmeier, complaining of pain and sensitivity and alleging that his annual checkup and cleaning had been delayed for an entire year. (Doc. 1, p. 8). After examining Plaintiff, Asselmeier scheduled him for an x-ray, which took place on April 17, 2018. *Id*. Asselmeier gave Plaintiff a temporary filling on tooth #12, but not until September 14, 2018. *Id*. Asselmeier provided no treatment to Plaintiff's tooth #2, which also had a cavity. (Doc. 1, p. 9).

Plaintiff saw Defendant John Doe, on October 21, 2018, whereupon Doe removed the temporary filling in tooth #12 and began drilling. *Id*. Doe told Plaintiff that he drilled until he could see the root of tooth #12. *Id*. Plaintiff requested that Doe put a permanent filling in tooth

#12, but Doe told him that he would pull the tooth instead, and put in another temporary filling. *Id*. Doe told Plaintiff he would schedule the extraction in 6 to 12 weeks. (Doc. 1, p. 10). Doe provided no treatment for Plaintiff's tooth #2. *Id*.

Plaintiff saw Doe again on November 5, 2018, and Doe again told Plaintiff that he intended to extract the tooth rather than provide a root canal. *Id*. Defendant Lashbrook determined that Plaintiff's grievances on this issue were not an emergency. (Doc. 1, p. 5).

Defendants Lashbrook, Crain, Lawrence, and IDOC have also denied Plaintiff an adequate shower chair since March 13, 2017. (Doc. 1, p. 11). Lashbrook, Crain, Lawrence, and IDOC are also deliberately indifferent to Plaintiff's need for a special mattress and work boot shoes. (Doc. 1, pp. 12-13).

## **Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Wexford has an unconstitutional policy of withholding annual dental cleanings and check-ups in favor of a bi-annual schedule, and limits the range of treatment provided to tooth extraction, in violation of the Eighth Amendment, and Lashbrook condoned such policy;

**Count 2:** Asselmeier and Lashbrook were deliberately indifferent to Plaintiff's dental pain when Asselmeier failed to schedule a dental visit in 2017, failed to adequately treat Plaintiff's tooth #12 and tooth #2 in April 2018, and failed to promptly schedule a follow-up visit;

**Count 3:** Doe and Lashbrook were deliberately indifferent to Plaintiff's dental problems when Doe refused to provide a root canal for tooth #12 or a filling for tooth #2 in lieu of recommending extraction in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

As an initial matter, Plaintiff attempts to bring claims in this lawsuit regarding an ADA shower chair, his mattress, and his shoes. However, those claims raise separate and distinct transactions and are thus improperly joined to this case pursuant to Fed. R. Civ. P. 20. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). The Court has discretion whether to sever the mis-joined claims into new cases or dismiss them. Fed. R. Civ. P. 21. Accordingly, to the extent that Plaintiff attempts to bring claims beyond the dental care he has received at Menard, those claims are **DISMISSED without prejudice**. Defendants Crain, Lawrence, and IDOC will also be **DISMISSED without prejudice**, as Plaintiff has not alleged that they were involved in his dental care. If Plaintiff wishes to proceed on those claims, he should initiate new and separate lawsuits.

Plaintiff has stated a viable claim against Wexford for an unconstitutional policy or custom of limiting dental care. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015). Plaintiff has also adequately alleged that his dental needs constitute a serious medical need, and that Defendants Asselmeier, Doe, and Lashbrook were deliberately indifferent to those needs under the Eighth Amendment. *Estelle v. Gamble*,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). Accordingly, the Court will order service on Counts 1-3.

Plaintiff also alleges that his rights were violated under the Fourteenth Amendment's Equal Protection Clause based on a "class-of-one" theory. The Equal Protection Clause of the Fourteenth Amendment protects individuals against arbitrary and irrational government treatment. *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). To adequately plead a class-of-one equal protection claim, a plaintiff must allege that he was intentionally treated differently from other similarly situated individuals without a rational basis for such treatment. *Id*. (citing *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601 (2008)). The treatment must be wrongful and differ from the norm or common practice in a manner that demonstrates discrimination. *McDonald v. Village of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004). A plaintiff may plead himself out of court if the Complaint provides a rational basis for the treatment at issue. *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

Plaintiff has not alleged that he was treated differently than similarly situated individuals. In fact, he alleges his dental treatment decisions were made pursuant to a Wexford policy that applies to Menard inmates generally. This allegation directly contradicts Plaintiff's equal protection claim; if he was treated pursuant to a policy applicable to everyone, it is implausible that his treatment was the result of being irrationally singled out. Therefore, to the extent that Plaintiff is attempting to bring Fourteenth Amendment due process claims based on an equal protection theory, those claims are **DISMISSED with prejudice**.

## Pending Motions

Plaintiff's Complaint contains a request for a preliminary injunction. (Doc. 1, pp. 16-24). Although the Court may require a pro-se litigant who has included a request for a preliminary

injunction in his Complaint to brief the issue further or face denial of the motion, Plaintiff's 8-page request contains the legal and factual underpinnings of his request, and therefore, no further briefing is required. The Court will direct the Clerk to docket the motion.

### Disposition

**IT IS HEREBY ORDERED** that **Counts 1-3** survive threshold review against Defendants Wexford, Asselmeier, Doe, and Lashbrook. To the extent that Plaintiff is attempting to raise unrelated claims in this lawsuit regarding his ADA shower chair, mattress, and footwear, those claims are **DISMISSED without prejudice** to Plaintiff filing additional lawsuits on those matters. Claims alleging that Plaintiff's dental treatment violates the Fourteenth Amendment are **DISMISSED with prejudice**. Defendants Crain, Lawrence, and IDOC are **DISMISSED** from this action **without prejudice**. The Clerk of Court is **DIRECTED** to docket pages 16-24 as a motion for a preliminary injunction.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Wexford, Asselmeier, and Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is

**ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/28/2018**

s/ STACI M. YANDLE
**U.S. District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.